# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0530 | **DATE** | February 3, 2012 |
| **CASE TITLE** | Henry C. Hill (#B-62006) vs. Kenneth L. Osborne, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is denied without prejudice. Plaintiff is directed to submit a renewed *i.f.p.* petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action [that is, from July 24, 2011, through January 24, 2012]. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide Plaintiff with a blank *i.f.p.* petition along with a copy of this order. Plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**             **Docketing to mail notices.**

### STATEMENT

     Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the Defendants, correctional officials and health care providers at the Sheridan Correctional Center, violated Plaintiff's constitutional rights by retaliating against him for his grievances, by denying him due process in prison disciplinary proceedings, and by acting with deliberate indifference to his serious medical condition (myasthenia gravis).

     The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to FED. R. CIV. P. 5(e) despite the Plaintiff's technical non-compliance with the court's rules. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, Plaintiff's *i.f.p.* petition is not certified, and Plaintiff has failed to include copies of his prison trust fund ledgers.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

If he wishes to proceed with this lawsuit, Plaintiff is directed to submit a certified *i.f.p.* petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from July 24, 2011, through January 24, 2012]. The Clerk will provide Plaintiff with a blank *i.f.p.* application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).